DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellants, George and Regina Hopkins, appeal from the decision of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In July of 1999, Appellants entered into a contract with Appellee, Tom Mason, dba Mason Builders, for the construction of their home. The contract contained a provision that the work was guaranteed to be done in a workmanlike manner. The parties stipulated to the provision. At or near the completion of the home, Appellants requested that Appellee repair over 100 items. Efforts were made between the parties to make the complained of repairs, however, on May 14, *Page 2 
2001, Appellants filed suit against Appellee. The case was voluntarily dismissed in February of 2004, and re-filed on May 10, 2004. The case proceeded to a jury trial on October 30 through November 2, 2006.
 {¶ 3} At trial, Appellants introduced evidence of the alleged defects through two experts, Architect Richard Kraly ("Kraly") and expert contractor, Bruce Koran ("Koran"). Both witnesses testified to their opinions as to workmanship and repair costs. After this testimony, the trial court excluded the evidence, stating that Appellants failed to show that the costs to which Kraly testified were reasonable. The trial court then instructed the jury that "[t]he evidence that you have heard that relates to things that were not yet repaired will not be relevant to your determination." Appellants rested their case and Appellee took the stand. After Appellee completed his case, the case was submitted to the jury. The jury returned a verdict in favor of Appellee. Appellants timely appealed, asserting one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN GRANTING A DIRECTED VERDICT, SUA SPONTE, EXCLUDING [APPELLEE'S] EVIDENCE OF FUTURE REPAIR DAMAGES WHICH WERE DETERMINED TO A REASONABLE DEGREE OF CERTAINTY THROUGH UNDISPUTED EXPERT TESTIMONY[.]"
 {¶ 4} In their assignment of error, Appellants argue that the trial court erred in sua sponte granting a directed verdict, excluding their evidence of future *Page 3 
repair damages which were determined to a reasonable degree of certainty through undisputed expert testimony. We do not agree.
 {¶ 5} In the instant case, the trial court excluded the evidence of the future damages to which Kraly testified. Appellants argue that Kraly testified that his expert opinion and his repair estimates were made to a reasonable degree of certainty. We agree with this assessment, as it is supported by the record. However, this testimony standing alone does not, as Appellant would have this Court find, logically flow to the conclusion that the repair costs themselves were reasonable.
 "There is ample authority for the proposition that evidence of reason-ableness [sic]must accompany bills for services before they can be considered as items of damage. De Tunno v. Shull (1957), 166 Ohio St. 365. Even where that rule is departed from, it is most often in cases where the bill is for services actually rendered or for services actually (sic) performed. (See, DeTunno, concurring opinion Id. at 376.) In this case, there is no evidence either that the work was actually performed, at a certain cost, or that the figures mentioned by the expert were reasonable." Seaboard's Restoration Co., Inc. v. Loyer (Mar. 2, 1983), 9th Dist. No. 1179, at *2.
There is no evidence in the record that would allow this Court to infer that the repair costs to which Appellants' experts testified were reasonable. Without this evidence, the estimates of the future repairs could not be considered as an item of damage. Accordingly, the trial court did not err when it excluded this testimony.
 {¶ 6} Even if we were to find that the trial court erred, it would be harmless error. See Civ.R. 61. The issue of the amount of damages, past or future, was not before the jury. In fact, Appellants stated on the record that the *Page 4 
jury would "have to find a breach before they can find the damages, based on what I will argue to them." The jury was instructed that they could only award damages
 "whose existence and amount have been proved by a reasonable certainty. You may not award damages that are remote or speculative. You may only award those damages that were the natural and probable result of the breach of contract, or that were reasonably within the contemplation of the parties as the probable result of the breach of contract."
We do not read this instruction to mean that the jury could not consider other defects, such as those to which Appellants' experts testified, when determining if Appellee met his duty to complete the contract in a workmanlike manner. As Appellee's brief aptly states: "The trial court made no adverse ruling as to the competence or admissibility of 
Kraly's general opinions about defects and workmanship." Rather, the trial court instructed the jury that, due to the lack of testimony regarding the reasonableness of the future repair costs, it could only award damages for the defects that were actually repaired. Appellants made no objection to these instructions. It is axiomatic that the jury had to first find a breach in the contract, and only after such a finding could they consider any amount of damages.
 {¶ 7} The interrogatory submitted to the jury, with no objection by Appellants, read as follows:
 "Did Mason Builders breach the contract between Mason Builders and Mr. and Mrs. Hopkins by failing to perform the contract in a workmanlike manner? If the answer to the above interrogatory is "No", please stop answering the interrogatories and fill in the verdict *Page 5 
form for the Defendants. If the answer is "Yes", please continue answering the interrogatories."
 {¶ 8} All eight jurors answered "No", finding that Appellee did not breach the contract between Appellee and Appellants by failing to perform the contract in a workmanlike manner. Accordingly, the jury never reached the issue of damages.
 {¶ 9} Appellants state in their brief that
 "[h]ad the jury been able to consider the egregious damages associated with the Mason's failure to perform in a workmanlike manner related to the concrete driveway, front porch, etc., it is very reasonable to infer that the jury may have reached a different outcome than it did in just deciding upon the very limited damages aspect which the trial court put before it."
It appears Appellants are asking this Court to find that the jury would have found Appellee liable for a breach of contract had they been able to consider the expert testimony that the damages totaled $44,595, rather than the $4,173 that was submitted to them. We fail to see, and Appellants have failed to argue, how the amount of damages, large or small, would affect a jury determination regarding whether Appellee was liable for breach of contract.
 {¶ 10} Civ.R. 61 provides that
 "[n]o error in either the admission or the exclusion of evidence * * * is ground for granting a new trial or for setting aside a verdict or vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *Page 6 
 {¶ 11} We find that any error the trial court may have made in excluding the evidence regarding Appellants' expert testimony as to future repair damages was harmless because the jury did not find that Appellee breached the contract by failing to perform in a workmanlike manner. Accordingly, Appellants' assignment of error is overruled.
 III. {¶ 12} Appellants' assignment of error is overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 7 
Costs taxed to Appellants.
DICKINSON, J. REECE, J. CONCUR
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1